18534. HARVEY, Guardian, *et al. v.* FIRST NATIONAL BANK OF ATLANTA *et al.*, Exrs., *et al.*

ARGUED MARCH 9, 1954—DECIDED APRIL 13, 1954.

R. *Winston Harvey, Jr., D. R. Jones, Jr., Barrett & Hayes,* for plaintiffs in error.

*McCurdy & Candler, J. Robin Harris, Walter W. Calhoun, Brackett & Brackett, Sarah Frances McDonald,* contra.

WYATT, Presiding Justice. 1. The plaintiff in error assigns error on only two paragraphs in the decree in the instant case. The first paragraph upon which error is assigned reads as follows: "It is further ordered, adjudged, declared, and decreed, upon the question raised in subparagraph (1) and (2) of paragraph 8 of the petition, that in referring to the residue of his estate, the testator, in his will, did mean all of his estate not specifically devised in Items 4, 5, 6, and 7 of his will, whether encumbered or not, and that the income from the properties devised in said Items 4, 5, 6, and 7 of the will should be held and used by the executors and or trustees until said devise is assented to . . ."

The second paragraph to which exceptions are taken reads as follows: "It is further ordered, adjudged, declared, and decreed,

that upon the question raised in paragraph 13 of the petition, the executors and/or trustees are to pay, under the terms of the will, the expenses for the repairs, maintenance, upkeep, taxes and capital expenditures on the house and premises located on and known as No. 923 Springdale Road, N. E., and the personal property therein located until Carole Nan Rogers reaches the age of 21 years or dies, and shall pay said expenses out of the income of the estate; it is not necessary that Mrs. Mary Nell Rogers and Carole Nan Rogers live in the house located at No. 923 Springdale Road, N. E. In the event they should not occupy the house and premises, they would be entitled to recover the rents therefrom."

The real point here in issue is the provision in the decree which provides that the expenses of repair and maintenance, etc., of the house at 923 Springdale Road, N. E., and the personal property therein should be paid by the trustees out of the income from the trust estate; and that Mrs. Mary Nell Rogers and Carole Nan Rogers were not required to live in said house; and that, if they did not occupy the house, they are entitled to the rents therefrom.

It is the contention of the plaintiffs in error that the devise to the house known as No. 923 Springdale Road, N. E., to the wife and daughter of the deceased is a specific bequest and not included in the trust; and that, as a result, the cost of repairs, maintenance, etc., should not be paid by the trustees out of the income from the trust estate. It is also contended that the provision in the decree permitting the beneficiaries to receive the rents from the said house, if they live elsewhere, was error.

There is no error in any of the provisions of the decree excepted to. Item 10 clearly places in trust all the residue of the estate, after certain devises to named devisees. The devise in item 11, while for the benefit of Mrs. Mary Nell Rogers and Carole Nan Rogers, was a devise to the trustees and was placed in the hands of the trustees to administer. It was not a devise to the named beneficiaries, but was a devise to the trustees for the benefit of the named devisees until the happening of a named event, at which time all the trust was executed. This is the only reasonable construction of the two items here in question. Unless it is construed that the property devised in item 11 is included in

the property devised to the trustees and executor in item 10, the property devised in Item 11 was devised to no one for the period of time from the death of the testator to the time the daughter reaches 21 or dies, and there would be an intestacy as to this portion of the estate of the deceased pending the happening of the events named in the will. This clearly was not the intention of the testator.

It is clear from a reading of the entire will of the deceased that the testator's first concern was the welfare of his minor daughter, Carole Nan Rogers. The trust was made contingent upon her majority or death. It was provided that income could be diverted to care for her in case of illness or other serious emergency. It is also clear that the testator intended to provide his daughter with a home until she has reached the age of 21 years. Therefore, it was not only a reasonable construction, but a construction that could hardly have been avoided, that the testator intended for the trustees to maintain the property out of the income from the trust estate. That is the only place the funds for this purpose could come from if the testator were going to provide his daughter with a home after his death.

It is not unreasonable, under the language of the will to the effect that the wife and minor daughter were to have the "exclusive use and enjoyment" of the 923 Springdale Road property, that the beneficiaries could either live there, or live elsewhere and use the rent to secure another home in which to live. Either way, the testator has accomplished his purpose to provide them with a home. If he had desired that they live in the specified house, he could easily have said so. Since he provided that they should have the use and enjoyment of the house, he intended that they should have a choice as to what they would do. It was not error to so hold.

2. It is contended that the devise of a Chris-Craft boat in the codicil is a specific devise and not included in the trust, and that therefore the decree of the court to the effect that all property not devised in Items 4, 5, 6, and 7 of the will were in the residue and therefore included in the trust, was error. The subject boat was first devised in Item 13 to the trustees for the benefit of named persons and was clearly included in the trust. Item 13 was stricken by the codicil and the boat devised outright

to named devisees. However, the petition for construction did not include the construction of the codicil, and this provision was not passed upon by the trial court, and the judgment of the trial court does not refer to, include, or affect this provision in any way. There is no merit in this contention.

3. It follows, there is no error in the judgment complained of.

*Judgment affirmed. All the Justices concur.*